## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY JOANNE SPRINGER BEVILL**<br>2915 Carnegie Street<br>Houston, TX 77005,<br><br>Plaintiff,<br><br>v.<br><br>**CENTRAL INTELLIGENCE AGENCY**<br>Washington, DC 20505,<br><br>and<br><br>**DEPARTMENT OF STATE**<br>2201 C Street, N.W.<br>Washington, DC 20520,<br><br>Defendants. | C. A. No. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiff Mary Joanne Springer Bevill seeks injunctive, declaratory and other appropriate relief for the release of agency records requested by plaintiff from defendants Central Intelligence Agency and Department of State. Specifically, plaintiff seeks the disclosure of records concerning her late father,  Paul Le Baron Springer.

## Jurisdiction and Venue

2.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii).  This

Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3.  Plaintiff Mary Joanne Springer Bevill is a citizen of the United States and a resident of

Texas.  She is the daughter of the late Paul Le Baron Springer.

4.  Defendant Central Intelligence Agency ("CIA") is a component of the Executive

Branch of the United States Government.  The CIA is an "agency" within the meaning of 5

U.S.C. § 552(f).

5.  Defendant Department of State ("State") is a department of the Executive Branch of

the United States Government.  State is an "agency" within the meaning of 5 U.S.C. § 552(f).

## Plaintiff's Request to the CIA for Agency Records and the CIA's Denial of Plaintiff's Request

6.  By letter sent by facsimile to defendant CIA on August 23, 2016, plaintiff requested

under the FOIA agency records maintained by the CIA.  Specifically, plaintiff requested:

> All records, notes, letters and contents of Paul L. Springer's "Official Personnel
> Folder," circa 1949-1969.

7.  By letter to plaintiff dated August 31, 2016, defendant CIA acknowledged that it

received plaintiff's FOIA request described in ¶6, and assigned it Reference No. F-2016-02416.

Defendant further advised plaintiff that "[because] [y]ou indicate that the subject of your request

is deceased, . . . we require some *evidence of death*, such as a death certificate, an obituary, or a

press statement to ensure there are no privacy considerations." (emphasis in original).

8.  By facsimile sent to defendant CIA on September 8, 2016, plaintiff provided the

agency with a death certificate indicating that Paul L. Springer died on January 6, 2012.

9.  By letter to plaintiff dated September 26, 2016, defendant CIA acknowledged that it received the death certificate described in ¶8.  The letter stated, *inter alia*, "Unless you object, we will limit our search to CIA-originated records up to and including the date the Agency starts its search."

10.  By letter sent by facsimile to defendant CIA on November 30, 2016, plaintiff reiterated her original request "as well as any correspondence of a personal nature, job application, performance reviews, analysis, etc. which may be related to CIA originated records."

11.  Following several letters from plaintiff inquiring as to the status of her FOIA request, by letter dated September 28, 2018, defendant CIA denied plaintiff's request and disclosed no records responsive to plaintiff's request.  Defendant CIA advised plaintiff of her right to appeal the agency's determination to the Agency Release Panel.

12.  By letter to the CIA's Agency Release Panel dated October 5, 2018, plaintiff appealed the determination of defendant CIA to deny her FOIA request and disclose no records responsive to her request.

13.  By letter to plaintiff dated October 24, 2018, defendant CIA acknowledged receipt of the appeal described in ¶12.

14.  To date, defendant CIA has not issued a decision on plaintiff's appeal.  Plaintiff has exhausted all applicable administrative remedies with respect to her FOIA request for agency records.

15.  Defendant CIA has wrongfully denied plaintiff's request and has wrongfully withheld the requested records from plaintiff.

**Plaintiff's Request to State for Agency Records
and State's Failure to Respond in a Timely Manner**

16.  By letter sent by facsimile to defendant State on October 1, 2018, plaintiff requested

under the FOIA agency records maintained by defendant State.  Specifically, plaintiff requested:

> Any State Department personnel files on my father [Paul Le Baron Springer],
> including but not limited to application for employment, written communications,
> performance reviews and evaluations, and recommendations and evaluations for
> the various post assignments during his long career in the U.S. Foreign service.
> [and]

> Any cabled communications, letters, reports or telegrams that were labeled as
> "confidential, secret, or top secret" relating to his service in the U.S. State
> Department during the following time periods and post assignments in the
> following American Consulates, Legations and Embassies:

> > American Embassy, Chungking, China, Feb 1942 – July 1944.
> > American Consulate, Kunming, China, Nov. 1943 – July 1944.
> > American Legation, Cairo, Egypt, July 1944 – July 1945.
> > U.S. Consulate, Sarnia, Ontario, Canada, July 1945 - Sept. 1945.
> > U.S. Consulate, Singapore, Oct. 1945 – Oct. 1946.
> > U.S. Consulate, Belize, British Honduras, Oct. 1946 – Dec. 1948.
> > State Department, Washington, D.C, June 1949 – May 1950.
> > American Legation, Saigon, Vietnam, May 1950 – May 1953.
> > State Department, Washington, D.C., May 1953 – Oct. 1954.
> > U.S. Navy Tactical Training Unit, Saipan, Marianas Islands, Oct. 1954 –
> > Nov. 1955.
> > State Department, Washington, D.C. – Nov. 1955 – Aug. 1957.
> > American Legation, Leopoldville, Belgian Congo, Aug 1957 – Aug 1960.
> > State Department, Washington, D.C. – Aug 1960 – Aug. 1963.
> > American Embassy, Pretoria, South Africa, Aug. 1963 – Nov. 1966.
> > American Consulate, Salisbury, Rhodesia, Nov. 1966 – Nov. 1968.

17.  By letter to plaintiff dated November 6, 2018, defendant State acknowledged that it

received plaintiff's FOIA request described in ¶16 on October 1, 2018, and assigned it FOIA

Control No. F-2019-00051.

18.  To date, defendant State has not issued a decision on plaintiff's request.  Plaintiff has

exhausted all applicable administrative remedies with respect to her FOIA request for agency

records.

4

19. Defendant State has wrongfully denied plaintiff's request and has wrongfully withheld the requested records from plaintiff.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE

#### CIA's Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

20. Plaintiff repeats and realleges paragraphs 1-15.

21. Plaintiff has exhausted the applicable and available administrative remedies with respect to defendant CIA's processing of plaintiff's FOIA request and administrative appeal.

22. Defendant CIA has wrongfully withheld the requested records from plaintiff by failing to comply with the statutory time limit for rendering a determination or response to plaintiff's FOIA request and administrative appeal.

23. Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

### CLAIM TWO

#### State's Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

24. Plaintiff repeats and realleges paragraphs 1-5 and 16-19.

25. Plaintiff has exhausted the applicable and available administrative remedies with respect to defendant State's processing of plaintiff's FOIA request.

26. Defendant State has wrongfully withheld the requested records from plaintiff by failing to comply with the statutory time limit for rendering a determination or response to plaintiff's FOIA request.

27. Plaintiff is entitled to injunctive and declaratory relief with respect to the release and

disclosure of the requested documents.

## **Requested Relief**

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Order defendant CIA and defendant State to immediately and fully process plaintiff's

FOIA requests and disclose all non-exempt documents immediately to plaintiff;

(2)  Issue a declaration that plaintiff is entitled to immediate processing and disclosure of

the requested records;

(3)  Provide for expeditious proceedings in this action;

(4)  Retain jurisdiction of this action to ensure no agency records are wrongfully

withheld;

(5)  Award plaintiff her costs and reasonable attorneys' fees in this action; and

(6)  Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418

5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015-2052
(202) 246-6180
sobel@att.net

Counsel for Plaintiff